IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kantz Laporte,                                          Case No. 3:16CV0500

        Plaintiff,

    v.                                                  **ORDER**

Atlantic Specialty Insurance Company, *et al.*,

        Defendants.


This is a contract dispute between plaintiff Kantz Laporte, the beneficiary of a limited benefits Occupational Accident Policy, and the policy's issuer, defendant Atlantic Specialty Insurance Company ("Atlantic"), and administrator, defendant Brentwood Services Administrators, Inc. ("Brentwood"). Plaintiff alleges defendants improperly denied him benefits owed under the policy.

Jurisdiction is proper under 28 U.S.C. § 1332.

Pending is defendants' motion to dismiss or compel arbitration and stay (Doc. 7).  For the reasons that follow, I refer plaintiff's claims to arbitration and grant defendant's motion to dismiss this proceeding pending arbitration.

**Background**

Plaintiff worked as an independently-contracted expediter for T.S. Expediting Services, Inc. ("T.S. Expediting"). Part of plaintiff's employment included eligibility to participate in the policy at issue.

On August 22, 2013, plaintiff suffered an injury while driving for T.S. Expediting. Plaintiff made a claim for and received benefits, including occupational disability benefits and payment of medical expenses. Defendant Brentwood informed plaintiff that it was the third-party administrator with respect to plaintiff's claims under the policy. Brentwood also told plaintiff that it assumed responsibility for adjudicating plaintiff's claims.

Brentwood authorized payment of some but not all of plaintiff's medical bills relating to the workplace injury. It also did so with respect to payment of disability benefits.

In time, however, Brentwood stopped paying altogether. That decision led to the instant suit.

The gravamen of plaintiff's complaint is that defendant Atlantic, through its designated agent, Brentwood, breached the insurance contract by wrongfully denying benefits owed under the policy. Plaintiff further argues that defendants lacked a reasonable justification for denying him these policy benefits, thus constituting bad faith.

At issue is not the merits, but whether I should enforce the policy's arbitration provision, which states:

> **Arbitration**. Any contest to a claim denial under the Policy will be settled by arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction.

(Doc. 14, Exh. A).[1]

According to defendants, this dispute involves a challenge to the denial of benefits and, therefore, falls squarely within the parameters of the arbitration clause. Defendants request I dismiss

---

[1] Plaintiff includes a preliminary argument regarding defendants' attachment of a copy of a Certificate of Insurance to its dispositive motion, rather than a copy of the Policy itself. Defendants attached a copy of the Policy to its reply brief as Exhibit A and may rely on it as a reflection of the parties' agreement.

plaintiff's claims and order him to abide by the terms of the Policy concerning arbitration of this dispute.

Plaintiff argues the arbitration clause is unenforceable.

## Discussion

Courts, both federal, *see, e.g., AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986), and state, *see, e.g., Acad. of Med. of Cincinnati v. Aetna Health, Inc.*, 108 Ohio St.3d 185 (2006), encourage arbitration as an alternative way to resolve disputes.

In light of this policy, "[a]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)). But policy does not trump everything else, and whether arbitration, rather than conventional litigation, is to occur "is a matter of contract between the parties, and one cannot be required to submit to arbitration a dispute which it has not agreed to submit to arbitration." *Simon v. Pfizer Inc.*, 398 F.3d 765, 775 (6th Cir. 2005) (quoting *United Steelworkers, Local No. 1617 v. Gen. Fireproofing Co.*, 464 F.2d 726, 729 (6th Cir. 1972)).

The Sixth Circuit applies a four-part test for courts to use when deciding whether to grant a motion to dismiss or stay a lawsuit and compel arbitration.

> [F]irst, [the Court] must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be non-arbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Rose v. Volvo Const. Equip. N. Am., Inc.*, 2007 WL 846123, *4 (N.D. Ohio) (citing *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000)).

3

### A. Plaintiff's Contract Claim and Tort Claim are Subject to the Arbitration Clause

#### 1. Plaintiff and Defendant Atlantic Agreed to Arbitrate Their Dispute[2]

First, as noted above, the arbitration provision states, "Any contest to a claim denial under the Policy will be settled by arbitration . . . ." (Doc. 14, Exh. A). This clear and unambiguous statement, prefaced by a bold-face, underlined heading, plainly expresses a mutual willingness to arbitrate, rather than litigate.

Accordingly, the parties agreed to arbitrate disputes relating to benefits claims.

#### 2. Plaintiff's Claims are Within the Scope of the Policy's Arbitration Provision

The next inquiry is whether either or both of plaintiff's two claims, one in contract, the other in tort, are within the scope of the arbitration provision.[3]

The Policy's broad arbitration provision covers "any contest to a claim denial under the Policy." (Doc. 14, Exh. A). I note that:

> When faced with a broad arbitration clause, such as one covering any dispute arising out of an agreement, a court should follow the presumption of arbitration and resolve doubts in favor of arbitration. Indeed, in such a case, only an express provision excluding a specific dispute, or the most forceful evidence of a purpose to exclude the claim from arbitration, will remove the dispute from consideration by the arbitrators.

---

[2] The parties to the Policy are plaintiff and defendant Atlantic. Defendant Brentwood is defendant Atlantic's designated agent for purposes of handling benefits claims under the Policy. The fact that defendant Brentwood is a non-signatory to the Policy does not defeat defendant Atlantic's argument that plaintiff's claims are subject to the Policy's arbitration provision.

[3] Because plaintiff asserts no federal statutory claims, I need not consider the third prong of the Sixth Circuit's analysis, *i.e.,* whether Congress intended those claims to be non-arbitrable.

4

*Solvay Pharms., Inc v. Duramed Pharms., Inc.*, 442 F.3d 471, 482 n.10 (6th Cir. 2006) (internal punctuation and citations omitted).

Plaintiff's contract claim clearly falls within the arbitration provision. Plaintiff alleges defendants wrongfully denied him benefits under the Policy. This is precisely the type of claim the provision encompasses.

In addition, the arbitration provision covers plaintiff's bad faith tort claim. Plaintiff's tort claim is integrally related to the contract claim. Plaintiff argues that the defendants had no reasonable justification for terminating benefits and medical payments, thus constituting bad faith. Simply put, without the contract claim, there is no tort claim.

Further, there is no express provision in the Policy excluding a tort dispute and no evidence of an intent to exclude such a dispute from arbitration.

Therefore, I find both claims to be within the scope of the Policy's arbitration provision.[4]

Based on my conclusions that the relevant parties agreed to arbitrate their disputes and that both claims fall within the Policy's arbitration provision, I compel plaintiff to adhere to the mutually agreed-upon arbitration provision and submit his claims to arbitration.

### B. Defendants Are to Pay Arbitration Costs if Plaintiff is Ineligible for an Administrative Fee Waiver

In December, 2016, defendants filed the parties' joint status report. (Doc. 22).

The status report stated:

With respect to the outstanding Motion to Dismiss and/or Compel Arbitration, the parties agree that, should the motion be granted and this matter proceed to arbitration, Plaintiff will apply for an Administrative Free (*sic*) Waiver/Pro Bono Arbitrator as

---

[4] With respect to the fourth prong of the Sixth Circuit's analysis, because I find both plaintiff's claims are subject to the arbitration provision, the proper action is dismissal. I need not stay the remainder of any proceedings pending arbitration.

5

> provided by the American Arbitration Rules and Mediation Procedures. Should Plaintiff's current monthly income preclude him from qualifying for these fee waiver programs, then Defendants agree to assume the cost of proceeding in arbitration.

(Doc. 22) (internal citation omitted).

This order responds to my discussion with the parties regarding my concerns about the plaintiff's inability, in real world terms, to challenge the loss of benefits if doing so required prepayment of the not insubstantial filing and other fees that the American Arbitration Association requires. I also found problematic the lack of procedure for plaintiff to determine in advance whether the arbitration panel will waive the costs of arbitration or appoint a *pro bono* arbitrator.

I understand the presumption of arbitrability, and I recognize it is difficult to show a contract is unconscionable. Nevertheless, the Policy's arbitration provision, while understandable where the parties are businesses, hardly fits where (in all likelihood) an adhesion contract leaves the plaintiff without recourse to the courts.

My expression of those concerns has led to the side agreement quoted above, so that: 1) plaintiff will seek an administrative fee waiver or *pro bono* arbitrator as provided by the American Arbitration Rules and Mediation Procedures; and 2) if plaintiff's monthly income renders him ineligible for a waiver or *pro bono* arbitrator, defendants will pay the costs required to proceed in arbitration.

I am pleased to accept the parties' agreement, which adds more fairness to the process than otherwise would exist.

**Conclusion**

It is, therefore,

ORDERED THAT:

1. Defendants' motion to dismiss (Doc. 7) be, and the same hereby is, granted, and plaintiff is to submit his claims to arbitration; and

2. In the event plaintiff does not receive a waiver or *pro bono* arbitrator, defendants will pay the costs required to proceed in arbitration.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge